FILED
United States Court of Appeals
Tenth Circuit

August 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONYA BORWICK,

       Plaintiff-Appellant,

v.

T-MOBILE WEST CORPORATION,
d/b/a T-Mobile, a Washington
corporation,

       Defendant-Appellee.

No. 13-1023
(D.C. No. 1:11-CV-01683-LTB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.

Tonya Borwick appeals the district court's summary judgment dismissal of her

complaint against her former employer, T-Mobile West Corporation (T-Mobile),

alleging gender discrimination and retaliation in violation of Title VII of the Civil

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), and interference with her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's order accurately and in great detail recounts the factual and procedural background of this case, and we briefly summarize only the most salient, undisputed facts relevant to the claims Ms. Borwick raises on appeal. Ms. Borwick was employed by T-Mobile, answering billing-related customer telephone calls. In mid-January 2011, T-Mobile manager, Jeff Winkleman noticed as part of his regular review of call reports that a large percentage of Ms. Borwick's calls were significantly shorter than T-Mobile's ideal call length, from which he suspected Ms. Borwick could be providing poor customer service or avoiding calls, which is grounds for termination. He discussed his concerns with one of Ms. Borwick's supervisors, Ms. Cordiner. At about the same time, Ms. Cordiner learned Ms. Borwick was pregnant and intended to take twelve weeks of FMLA leave. Ms. Cordiner listened to audio recordings of some of Ms. Borwick's short-calls and heard many calls that ended mid-sentence. She put a trace on Ms. Borwick's future calls, from which she determined Ms. Borwick had manually released several of the calls, suggesting Ms. Borwick had hung up on some customers.

On February 14 and 18, Ms. Cordiner met with Ms. Borwick to discuss these calls. Ms. Borwick denied releasing calls, claiming they were dead-air calls in which the customer was no longer on the line. On February 22, Ms. Borwick complained to

T-Mobile's Human Resources Manager, Janice Lopez, that Ms. Cordiner was targeting her because of her pregnancy. Ms. Lopez testified she immediately removed Ms. Cordiner from the call investigation and investigated Ms. Borwick's discrimination allegation. Call center Associate Director Melissa Utschinski conducted an independent investigation of Ms. Borwick's calls by reviewing the call records, listening to audio recordings of calls, and comparing this information with how Ms. Borwick documented the calls. Ms. Utschinski concluded Ms. Borwick had hung up on customers and had falsely recorded them as dead-air calls. She terminated Ms. Borwick's employment on February 28, 2011. Ms. Borwick, after exhausting her administrative remedies, filed a complaint alleging T-Mobile terminated her based on her pregnancy, in retaliation for her discrimination complaint to Ms. Lopez, and to interfere with her intended FMLA leave.

With respect to the two Title VII claims, the district court assumed that Ms. Borwick had established prima facie discrimination and retaliation claims, and ruled that T-Mobile had proffered a legitimate, non-discriminatory reason for terminating her, namely Ms. Utschinski's conclusion that Ms. Borwick had hung up on at least four customers. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216, 1219 (10th Cir. 2013) (holding that three-part burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to indirect-evidence Title VII discrimination and retaliation claims). The court ruled Ms. Borwick had failed to meet her burden to show a genuine dispute of material fact as to whether T-Mobile's

asserted reason was not its true reason for terminating her, but pretext for discrimination. *See id*. at 1218.

As to her FMLA interference claim, the district court assumed for the sake of argument that Ms. Borwick was entitled to FMLA leave and the termination interfered with her FMLA rights. But it ruled T-Mobile had demonstrated it would have terminated Ms. Borwick regardless of her intention to take FMLA leave because it discovered she had hung up on customers. *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006) (listing elements of a FMLA-interference claim and holding an employer can defend against such claim by showing the employee would have been terminated regardless of the request for FMLA leave). Accordingly, the district court ruled T-Mobile was entitled to summary judgment and dismissed the complaint. *See* Fed. R. Civ. P. 56(a) (providing that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011). Ms. Borwick argues on appeal that the district court failed to view the evidence in the light most favorable to her as the nonmoving party by deciding facts and weighing the credibility of witnesses. We disagree. Ms. Borwick's many arguments relating to short calls are not material to T-Mobile's

asserted reason for terminating her, which was for hanging up on customers. Though she denies that she hung up on customers, there is no evidence that T-Mobile did not have a good faith belief that she had. *See Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (holding the relevant pretext inquiry is whether the employer honestly believes it proffered reasons and acted in good faith on those beliefs). No inference of pretext is created by her positive job evaluation for 2010 because T-Mobile first determined she was hanging up on customers in 2011. And her assertion that the audio recordings could have been manipulated is "mere conjecture," which is insufficient to defeat summary judgment. *See E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1044 (10th Cir. 2011) (alteration omitted). The only evidence of pretext Ms. Borwick genuinely presents is the temporal proximity of her termination to her announced pregnancy, stated intention to take FMLA leave, and HR complaint. As the district court ruled, this court has consistently held that "temporal proximity alone is not sufficient" to demonstrate pretext. *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1066 (10th Cir. 2009).

We have carefully reviewed the briefs, the record, and the applicable law and conclude that the district court correctly decided this case. Accordingly, we affirm the district court's judgment for substantially the same reasons stated in its order of January 22, 2013.

Entered for the Court

David M. Ebel
Circuit Judge

- 5 -